UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 23-cv-00476-ASK<br><br>**ORDER**<br><br>Re: Dkt. No. 82 |

The Court has reviewed and thanks the parties for their discovery dispute letter. A hearing is set for Friday, March 13, 2025, at 2:30 PM by Zoom (link provided on Judge Krishnan's website).

In advance of the hearing, the Court requests that the parties jointly file no later than March 12, 2025, a five-column chart containing the following information for all allegedly comparable senior managers:

- Column 1: Row Number

- Column 2: Name of the individual, title/position (along with relevant time periods), and a brief description of their job responsibilities (if there is a dispute about their job responsibilities, each party may provide its own description in 20 words or fewer for each title/position held). Only to the extent that it will be helpful in resolving a dispute, for any given employee, each side may submit one profile (i.e., a previously existing bio—such as a LinkedIn profile, an internal profile, or a published article—that was not created for this litigation) of the individual in a separate appendix. The appendix will be in the form of an indexed PDF (for ease of navigation), with an index header for each employee that reflects the Row Number and the name of the individual. If each party wishes to submit a separate profile, the plaintiff's proposed profile will precede the defendant's. To be clear, for any

given employee, neither party need submit any profile; a profile should only be submitted if it will be helpful in resolving the dispute.

- Column 3: Plaintiff's position on why the individual is comparable and discovery is appropriate (limited to 50 words).
- Column 4: Defendant's position on why the individual is not comparable and discovery is inappropriate (limited to 50 words).
- Column 5: Left blank for the Court's ruling.

For the parties' 50-word submissions, full sentences are not necessary; short phrases and/or bullets that reflect the parties' positions are acceptable. The Court would appreciate, to the extent possible, if the chart could be ordered/grouped to reflect the disputes. For instance, to the extent that the parties agree that a particular individual is comparable and the discovery is proper, these individuals could be placed at the beginning (or end) of the chart, and neither party need necessarily provide argument as to that individual.

The submission should be filed and also submitted in electronic form to askpo@cand.uscourts.gov. The chart should be in Microsoft Word and the appendix (if any) should be an Adobe PDF.

In addition to their standard preparation for argument, the Court requests that the parties be prepared to address the following questions and consider the following points:

1. The Court is tentatively of the view that the paragraph spanning pages 8 and 9 of the April 10, 2017 Report of the Oversight Committee is a statement generated by Wells Fargo that opens up a potentially broad category of "senior Community Bank leaders" to discovery (a phrase that does not appear to include Mr. Sloan in a meaningful way), and without limiting the unethical practices at issue to those with which the Plaintiff was charged. That said, the Court believes that Defendant raises valid concerns with respect to proportionality and is looking for ways to streamline this phase of discovery. One option is Defendant's proposal. Another is that Plaintiff can select 25 comparators of her choosing. Other alternatives may exist. Or it may be that any relevant comparator is subject to discovery. The Court is of the view that specific fact-based arguments will likely be necessary to

justify discovery into the specific senior executives at issue. The parties are encouraged to agree to an approach before the hearing, if possible, but the Court understands that it may not be.

2. It would benefit the Court to understand the volume of documents associated with each additional comparator; or, if Wells Fargo has this information on an individual-by-individual basis, it may include that information in Column 4 of the chart.

3. Who are the "other senior Community Bank leaders who made reasonable, good faith efforts to challenge and escalate the concerns over sales goals and conduct"? Has Wells Fargo identified these individuals, and what does their identity and conduct reveal as to who is a proper comparator?

4. Please be prepared to address whether the scope of discovery should exceed the scope of investigation conducted by the Oversight Committee. It is not clear to the Court whether or how the disclosed basis doctrine applies here. The Oversight Committee Report is a length document that appears to rely on the underlying investigation as its basis, without necessarily disclosing that basis. The Court assumes that the question of whether and to what extent the Committee's underlying work remains privileged is part of the parties' yet-to-be-presented privilege dispute. It would help the Court to understand how those privilege issues interact with those presently before the Court.

5. Has the plaintiff identified with specificity every express statement and every implied statement that it intends to pursue as defamatory? To the extent this information can be provided to the Court (and defendant) as a demonstrative in advance of the hearing (via the same email that the parties submit their chart), that would be helpful, as it would inform the question of proportionality. Citations reflecting where each statement can be found would be helpful, too (particularly page citations for statements in the Oversight Committee Report).

Stepping back from the discovery dispute, this case has been pending for over three years, and the Court intends to move it promptly towards resolution. Accordingly, the Court intends to permit extensions only for good cause and may require some case activities to occur in parallel to

1  accomplish that goal. The parties are therefore encouraged to develop and submit their discovery
2  dispute regarding privilege as quickly as possible.

3

4     **IT IS SO ORDERED.**

5  Dated: March 9, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge